UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN  DIVISION

| | | |
|---|---|---|
| WILLIAM MICHAEL KENNER, | ) | ED 14-1527-SH |
| Plaintiff, | ) | MEMORANDUM DECISION |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## I.  PROCEEDINGS

This matter is before the Court for review of the decision of the Commissioner of Social Security denying plaintiff's applications for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits.  Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned.  The action arises under 42 U.S.C. § 405(g),

which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  The plaintiff and the defendant have filed their pleadings (Plaintiff's Opening Brief ["Plaintiff's Brief"]; Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Opening Brief), and the defendant has filed the certified transcript of record.  After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## II.  **BACKGROUND**

On July 19, 2011, plaintiff William Michael Kenner ("plaintiff") filed an application for Supplemental Security Income.  On July 20, 2011, plaintiff filed an application for a period of disability or Disability Insurance.  Both applications alleged an inability to work since December 27, 2008.  (See Administrative Record ["AR"] 161-74).  On December 6, 2012 (following an administrative hearing on July 11, 2011, see AR 33-54), an Administrative Law Judge ("ALJ") found that plaintiff had an impairment -- depression.  However, the ALJ found that plaintiff did not have an impairment or combination of impairments that significantly limited (or was expected to significantly limit) the ability to perform basic work-related activities and thus did not have a severe impairment.  Consequently, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act.  (See AR 16-24).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 4-8), plaintiff filed an action in this Court.

Plaintiff solely alleges that the ALJ erred in finding that plaintiff did not suffer from any severe impairments.

For the reasons discussed below, the Court finds that the ALJ's Decision should be reversed and remanded.

### III.   DISCUSSION

Plaintiff asserts that the ALJ improperly found plaintiff's mental impairment to be non-severe, based on plaintiff's GAF scores and medical records.  Defendant asserts that the ALJ properly found that plaintiff did not have a severe impairment.

A severe impairment is one that significantly limits the physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.921(a); Social Security Ruling 96-3p.  Basic work activities include the abilities to perform physical functions, to see, hear and speak, to understand, carry out, and remember simple instructions, to use judgement, to respond appropriately to supervision, co-workers and usual work situations, and to deal with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b), 416.921(b).  Plaintiff is not required to establish total disability at this level of the evaluation.  Rather, the severe impairment requirement is a threshold element that plaintiff must prove in order to establish disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); see Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999 ("The burden of proof is on the claimant as to steps one to four" ).  An impairment will be considered non-severe when medical evidence establishes only a "slight abnormality or combination of slight abnormalities which would have not more than a minimal effect on the individual's ability to work, even if age, education or work experience were specifically considered."  Social Security Ruling 85-28; Bowen v. Yuckert, supra, 482 U.S. at 153-54.  "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims."  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).

After discussing plaintiff's hearing testimony, plaintiff's statements in an Adult Function Report, and plaintiff's friend's statements in a Third Party Function Report, and after finding plaintiff's testimony concerning the intensity, persistence and limiting effects his symptoms not credible (and plaintiff's friend's statements not credible) to the extent they were inconsistent with the ALJ's determination about the severity of her impairment (depression), the ALJ determined that plaintiff did not have a severe mental impairment or combination of impairments based on the medical evidence in the record, including plaintiff's GAF scores, two mental status examinations, and the State agency medical consultant's opinion. (See AR 19-23). The ALJ stated: "In sum, the claimant's mental impairment, considered singly and in combination, does not significantly limit the claimant's ability to perform basic work activities. The longitudinal record does not show the level of memory problems and difficulty in activities of daily living that the claimant alleges. The claimant's mental status examinations in most part have been unremarkable. Thus, the claimant does not have a severe impairment or combination of impairments. (AR 23).

In making this finding, the ALJ considered four broad functional areas, known as paragraph "B criteria" -- activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation -- and determined that since plaintiff had "no more than 'mild' limitations in any of the first three functional areas, and "'no' episodes of decompensation which have been of extended duration," his impairment was non-severe. (AR 23).

Contrary to plaintiff's contention (see Plaintiff's Brief at 5-7), there was no reason for the ALJ to consider plaintiff's GAF scores and a suicide attempt many months prior to the disability onset date of December 15, 2008 (see AR 354, 362-63, 390-91 [on January 2, 2008, plaintiff received GAF scores of 30 and 39], 389 [on January 31, 2008, plaintiff received a GAF score of 35], 387 [on April 25, 2008, plaintiff received a GAF score of 60 ], and 358 [in an Initial

Mental Health Assessment form dated January 2, 2008, it was noted that at least thirteen days earlier plaintiff had attempted suicide by overdose]), see Vincent v. Heckler, 739 F.2d 1393, 1996 (9th Cir. 1984)("The Secretary, however, need not discuss *all* evidence presented to her.  Rather, she must explain why 'significant probative evidence has been rejected.'").  The ALJ nonetheless erred in failing to find plaintiff's mental impairment was severe, based on the medical record which reflects that plaintiff sought and received medical services for depression, including psychotropic medication, (A.R. 582, 471)  and that plaintiff suffered low GAF scores (including a GAF score of 40 on June 4, 2009,[1] see AR 406, which the ALJ did not discuss[2]), at various times from April 6, 2009 to March 19, 2012 (see AR 384-87, 394-410, 418-24, 450-67, 487-42, 558-74).  Plaintiff has met his burden of showing his mental impairment was severe.

---

[1]  A GAF score of 31-40 indicates "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)."  See Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision ("DSM-IV-TR"), 34 (2000).

[2]  The Court notes that the ALJ did address plaintiff's GAF score of 45 on August 25, 2011 (see AR 22-23).

## IV.  ORDER

For the foregoing reasons, the decision of the Commissioner should be reversed, and the matter should be remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: <u>February 20, 2015</u>



STEPHEN J. HILLMAN

UNITED STATES MAGISTRATE JUDGE